IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00865-CNS-NRN

ROGER SCOTT BLACKBURN,

Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC,
WARDEN OF STERLING CORRECTIONAL FACILITY,
JOHN CHAPDELAINE, Assistant Warden,
SMITHGALL, Lt., and
STERLING CORRECT. MED., et. al.,

Defendants.

**ORDER**[1] **ON
DEFENDANTS RANDALL SMITHGALL'S AND JOHN CHAPDELAINE'S MOTION TO
STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS
AMENDED COMPLAINT (ECF No. 79)**

**N. REID NEUREITER
United States Magistrate Judge**

This case is before the Court pursuant to an Order (ECF No. 80) referring the

subject motion (ECF No. 79) issued by Judge Charlotte N. Sweeney. Now before the

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

Court is Defendants Randall Smithgall and John Chapdelaine's ("Defendants") Motion to Stay Discovery Pending Resolution Their Motion to Dismiss Amended Complaint (ECF No. 79). The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being

2

resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The Supreme Court has established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643-44.

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See *String Cheese Incident*, 2006 WL 894955, at *2.

Here, Defendants seek to stay all discovery pending resolution of their motion to dismiss (ECF No. 67). Defendants argue that a stay of discovery should be ordered based on their pending motion to dismiss which alleges, among other things, that Defendants are entitled to Eleventh Amendment immunity and that Plaintiff's claims are barred by the statute of limitations. They further argue that the *String Cheese* factors favor a stay.

The case is still in the early stages of litigation; Defendants responded to Plaintiff's operative complaint with the pending motion to dismiss that could fully dispose of Plaintiff's claims before engaging in the discovery process. A balance of the above factors favors a stay in this matter. Most significantly, the Court finds that the interest of Plaintiff to proceed expeditiously is outweighed by the burden on Defendants of having to participate in discovery while their motion to dismiss is pending. Further, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. See *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). Finally, the Court finds that the interests of non-parties and the public interest do not greatly favor one side.

WHEREFORE, for the foregoing reasons, it is hereby

4

ORDERED that Defendants' Motion to Stay Discovery Pending Resolution Their Motion to Dismiss Amended Complaint (ECF No. 79) is GRANTED. Discovery is STAYED until after Judge Sweeney issues a final ruling on Defendants' Motion to Dismiss Amended Complaint (ECF No. 67) or until further Order of Court.

BY THE COURT

Date:  October 31, 2024  
       Denver, Colorado

s/ N. Reid Neureiter  
N. Reid Neureiter  
United States Magistrate Judge