IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00865-CNS-NRN

ROGER SCOTT BLACKBURN,

      Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC, Warden of Sterling Correctional Facility,
JOHN CHAPDELAIN, Assistant Warden,
LT. SMITHGAL, Sterling Correct. Med. et al,
WARDEN OF STERLING CORRECTIONAL FACILITY, and
STERLING CORRECTIONAL FACILITY MED. STAFF,

      Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's Response to the United States Magistrate Judge's Report and Recommendation Regarding the Defendants' Motion to Dismiss Second Amended Complaint. ECF No. 123. The Court, as it must, liberally construes Plaintiff's filing as an objection to the magistrate judge's Recommendation. *See, e.g., Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017). For the following reasons, the Court OVERRULES the objection, AFFIRMS and ADOPTS the Recommendation as an Order of this Court, and GRANTS Defendants' Motion to Dismiss.

1

## I.    SUMMARY FOR *PRO SE* PLAINTIFF

You filed an objection to the Magistrate Judge's Report and Recommendation on Defendants Smithgall and Chapdelaine's (the Defendants') Motion to Dismiss. In the objection, you contend that the magistrate judge erred in recommending that the Court dismiss your claims because he failed to consider several allegations from your Second Amended Complaint. However, what you call "allegations" are actually legal arguments, which, as the magistrate judge correctly observed, are improper to include in a complaint. Regardless, you have not shown any error in the magistrate judge's analysis, given that even reading your allegations liberally, you have not fixed the prior deficiencies that demonstrate your claims are time-barred. Accordingly, the Court affirms the Recommendation, overrules your objection, and dismisses your claims.

## II.    DISCUSSION

### A. Legal Standard

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive

2

further evidence; or return the matter to the magistrate judge with instructions." Fed. R.
Civ. P. 72(b)(3).

### B. Analysis

The magistrate judge recommended granting Defendants Randal Smithgall and
John Chapdelaine's (the Defendants') dismissal motion because (1) the Second
Amended Complaint "fail[ed] to satisfy the barest pleading requirements of Rule 8," ECF
No. 121 at 5, and (2) because Plaintiff failed address the Court's "admonition to not file
an amended pleading based on allegations that have already been rejected," *id.* at 7. The
Court addresses these two determinations, and Plaintiff's objections to them, in turn. In
doing so, the Court incorporates the summary of Plaintiff's allegations from the magistrate
judge's Recommendation, *see generally* ECF No. 121, into its Order.

*First*, giving Plaintiff's objection the "liberal construction [it is] due," *Schupper*, 708
F. App'x 943 at 946, Plaintiff argues that the magistrate judge erred by failing to consider
his constitutional right, as set forth in the Second Amended Complaint, to a "trial by jury."
ECF No. 123 at 3.[*] But the magistrate judge did so. The magistrate judge—himself
providing the Second Amended Complaint with a liberal construction—correctly observed
that the Second Amended Complaint does not contain *allegations*, but rather contains
*arguments. See* ECF No. 121 at 6; *see also* ECF No. 128 at 6. These arguments included
Plaintiff's jury trial argument. *See* ECF No. 115 at 1. Accordingly, the magistrate judge
*did* address this issue and reached the proper conclusion in doing so. Even liberally

---

[*] Although Defendants contend that Plaintiff did not object with the requisite specificity, *see* ECF No. 128 at
5, the Court construes his objection liberally and addresses its arguments on the merits.

construed, this is an argument, not an allegation, and thus violates Rule 8. *See* ECF No. 121 at 6; Fed. R. Civ. P. 8; *Banks v. United Parcel Serv.*, No. 4:23-cv-00067-AMA-PK, 2026 WL 25830, at *7 n.107 (D. Utah Jan. 5, 2026) ("[L]egal argumentation is inappropriate in the context of a complaint." (citation modified)). Indeed, Plaintiff himself recites Rule 8's standard in his objection, which he acknowledges concerns allegations. *See* ECF No. 123 at 6 (quoting Fed. R. Civ. P. 8(d)(1)); Fed. R. Civ. P. 8(d)(1) (requiring "[e]ach allegation [to] be simple, concise, and direct"). And Plaintiff cannot simply present a deficient pleading and nonetheless claim entitlement to proceed to discovery, as he appears to do so in his objection. *Compare* ECF No. 123 at 7, *with* ECF No. 128 at 6; *and Vincent v. Utah Plastic Surgery Soc.*, 621 F. App'x 546, 550 n.7 (10th Cir. 2015) ("While [a] complaint need not contain sufficient evidence to prove [a] claim, [plaintiffs] cannot file an inadequate complaint and then use the discovery process . . . ." (citation modified)).

*Second*, Plaintiff contends that the magistrate judge erred in concluding that he has failed to cure the pleading deficiencies that demonstrate his claims are time-barred. *Compare* ECF No. 123 at 3, *with* ECF No. 121 at 6. Specifically, Plaintiff contends the magistrate judge erred because he "did not address [Plaintiff's] previous argument and claim" regarding the statute of limitations "upon grounds of newly discovered evidence." ECF No. 123 at 3. But the magistrate judge addressed such argument and rejected it, as the magistrate judge—and this Court—have done previously. *See* ECF No. 121 at 6; ECF No. 128 at 7. And to the extent that Plaintiff argues the "statute of limitations issue" stems from a First Amendment matter, *see* ECF No. 123 at 4, the magistrate judge addressed this matter in a prior recommendation that is quoted in the instant Recommendation, and

the Court discerns no error in that analysis. *See generally* ECF No. 101. The magistrate judge's prior First Amendment analysis, which observed Plaintiff did not previously assert a First Amendment claim, *id*. at 10 n.5, is particularly persuasive, where—even liberally construed—Plaintiff likewise fails to assert a First Amendment *claim* in the Second Amended Complaint. *See* ECF No. 115 at 3 ("The court . . . does not address the plaintiff's *argument* that his right to petition the government for a redress of grievances under the First Amendment has been violated." (emphasis added)). And the magistrate judge's Recommendation to dismiss Plaintiff's claims is certainly not itself a violation of Plaintiff's First Amendment rights, nor is it a violation of his right to a jury trial. *Cf.* ECF No. 123 at 6; *Vann v. Oklahoma State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001) ("[T]his proper dismissal [of a complaint] did not deprive [the plaintiff] of his Seventh Amendment right to jury trial.").

Finally, Plaintiff contends that he "did file a new allegation" that cures his pleading deficiencies regarding his time-barred claims. ECF No. 123 at 4. In doing so, he references his jury trial *argument* in the Second Amended Complaint. *See id.* at 4-5. Not only is this not an allegation, *see, e.g., Banks*, 2026 WL 25830, at *7 n.107, but it fails to cure the deficiencies the magistrate judge and this Court have identified for the Plaintiff numerous times. *See, e.g.,* ECF No. 121 at 3, 7. Nor does the *argument* that there is some kind of "fraud in [P]laintiff's case," ECF No. 123 at 5, persuade the Court that Plaintiff has put forth *allegations* showing his claims are not time-barred, especially where the magistrate judge previously rejected such an argument and properly did so again. *See, e.g.,* ECF no. 121 at 6-7; ECF No. 128 at 8.

At bottom, notwithstanding the benefit of this guidance, Plaintiff's Second Amended Complaint has failed to cure his prior statute-of-limitations deficiencies. The objection fails to persuade otherwise or convince the Court that the magistrate judge's Recommendation is in any way flawed. Accordingly, the Court agrees with the magistrate judge's recommendation that dismissal of Plaintiff's claims with prejudice is proper. *See, e.g., Voodoo Leatherworks LLC v. Waste Connections US, Inc.*, 618 F. Supp. 3d 1126, 1132 (D. Colo. 2022) ("[T]he claims are time-barred, and this case must be dismissed with prejudice."); *Goode v. Rysavy*, No. 1:20-cv-00742-DDD-KLM, 2024 WL 3835999, at *17 (D. Colo. Mar. 31, 2024) ("Where, as here, a plaintiff has repeatedly failed to cure deficiencies in its complaint, a court may refuse further amendments and dismiss the plaintiff's claims with prejudice."); *Harvey v. Martinez*, No. 22-cv-00369-NYW-TPO, 2024 WL 5086080, at *4 n.5 (D. Colo. Dec. 12, 2024)

\* \* \*

Consistent with the above analysis, the Court OVERRULES Plaintiff's Response, ECF No. 123, AFFIRMS and ADOPTS the Recommendation, ECF No. 121, as an Order of this Court, and GRANTS Defendants' Motion to Dismiss, ECF No. 119. Plaintiff's claims against Defendants Randal Smithgall and John Chapdelaine are DISMISSED WITH PREJUDICE. Because they are dismissed with prejudice, the Court DENIES AS MOOT Plaintiff's Motion to Present Exhibits, ECF No. 127, and Motion for Submission of Exhibit, ECF No. 130.

DATED this 27th day of March 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge